

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Robert B. Baldwin III
Chairman
Texas State University System
Board of Regents
505 Sam Houston Building
Austin, Texas    78701

Opinion No. MW-594

Re:   Whether institutions of higher education may spend ad valorem tax funds received under article VII, section 17 for construction projects without coordinating board approval

Dear Mr. Baldwin:

Your letter requesting an Attorney General Opinion states as follows:

> Article VII, section 17 of the Texas Constitution, until its recent repeal, provided for a state ad valorem tax 'for the purpose of creating a special fund for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements at the designated institutions of higher learning...' The constitutional amendment which repealed article VII, section 17 provided that ad valorem tax receipts which had been distributed to eligible universities 'may be expended for the purposes provided under prior law or for repair and renovation of existing permanent improvements.' A number of universities have received ad valorem tax monies which they have not yet expended.
>
> Education Code section 61.058(8) requires institutions of higher education to receive coordinating board approval for 'all new construction and repair and rehabilitation of all buildings and facilities at institutions of higher education.' We respectfully ask whether a project proposed by a university must be approved by the coordinating board if the project is to be

financed in its entirety or partially by ad
valorem tax funds.

Article VII, section 17 was repealed at the November 2, 1982
election.   Article VIII, section 1-e of the Texas Constitution was
amended at the same election to provide as follows:

Sec. 1-e.  No State ad valorem taxes shall
be levied upon any property within this State.

2.   All receipts from previously authorized
State ad valorem taxes that are collected on or
after the effective date of the 1982 amendment to
this section shall be deposited to the credit of
the general fund of the county collecting the
taxes and may be expended for county purposes.
Receipts from taxes collected before that date
shall be distributed by the legislature among
institutions eligible to receive distributions
under prior law.  Those receipts and receipts
distributed under prior law may be expended for
the purposes provided under prior law or for
repair and renovation of existing permanent
improvements.

The recently enacted amendment authorizes expenditures pursuant
to prior law.  Since Article VII, section 17 was "self enacting",
Coordinating Board approval was not required for the construction of
new buildings financed entirely or principally by constitutional tax
funds.  We therefore conclude that construction financed by funds
distributed prior to the enactment of Article VIII, section 1-e, may
be undertaken without prior Coordinating Board approval.

## S U M M A R Y

Coordinating Board approval is not required
for construction financed by funds distributed prior
to adoption of Artice VII, section 1-e.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY, III
Executive Assistant Attorney General